UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ELLEN YANICK,
    Plaintiff.

                              Case No.:

v.                              Honorable
                              United States District Judge

THE KROGER CO. OF MICHIGAN,
a domestic profit corporation,

    Defendant.

_____

LAW OFFICES JEFFREY S. BURG, ESQ.
Jeffrey S. Burg (P38381)
Attorney for Plaintiff
16291 W. 14 Mile Road, Ste. 24
Beverly Hills, MI   48025
(248) 227-5027
jburg@comcast.net

**COMPLAINT AND JURY DEMAND**

Plaintiff states for her complaint against Defendant:

## Jurisdiction and Parties

1. This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant, pursuant to: the Americans with Disabilities Act ("ADA"), 42 USC §§ 12112, 12117 and 12203.

2. This court has jurisdiction over Plaintiff's federal claim pursuant to 28 USC 1331, 1343(4); Plaintiff has also filed with the EEOC and received a right-to-sue letter and is filing this action within the 90-day period following receipt of the right to sue letter.

3. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 USC 1391(b), wherein Plaintiff resides, Defendant regularly conducts business, and where the actionable wrongful conduct occurred.

4. Plaintiff is a resident of the State of Michigan.

5. Defendant is a domestic for-profit corporation and is subject to the jurisdiction of this court.

## Factual Allegations

6. Plaintiff realleges paragraphs 1-5 above as though fully set forth herein.

7. Plaintiff was hired by Defendant in 2001 and was employed as a bakery manager through May, 2018.

8. Plaintiff was qualified to do her job and gave no reason on the basis of performance for any form of discipline while employed by Defendant.

9. Plaintiff had the qualifying disability of breast cancer beginning in February, 2018.

10. Plaintiff's disability substantially limited one or more of Plaintiff's major life activities; Plaintiff also had a record of such impairments; and/or Plaintiff was regarded by Defendant as having such impairments.

11. Plaintiff is an individual who, with or without reasonable accommodation, could perform the essential functions of the job she held with Defendant.

12. On more than one occasion, in writing and orally, Plaintiff did request of Defendant accommodation for her disability.

13. Upon learning of her disability, in February 2018, Plaintiff immediately advised her supervisor and Human Resources of the disability.

14. When Plaintiff advised her supervisor of Plaintiff's disability, the supervisor put pressure on Plaintiff by "suggesting" that Plaintiff consider stepping down from Plaintiff's management position, which Plaintiff declined to do.

15. On or about February 15, 2018, Plaintiff went on medical leave to have surgery and to recover from surgery.

16. Plaintiff returned to work on or about June 11, 2018.

17. On or about June 18, 2018, Plaintiff's supervisor told Plaintiff that Plaintiff was not meeting performance standards and again put pressure on Plaintiff by "suggesting" that Plaintiff accept a demotion or otherwise be jeopardized in Plaintiff's employment.

18. Plaintiff was therefore forced to accept a demotion to bakery clerk, at a substantially lower rate of pay and with the removal of all management authority.

19. The reasons given for the forced demotion of Plaintiff were a pretext for disability discrimination and retaliation.

## COUNT I

## Violation of the ADA

20. Plaintiff realleges paragraphs 1-19 above as though fully set forth herein.

21. Plaintiff is a qualified individual with a disability as defined in 42 USC § 12111(8).

22. Specifically, Plaintiff's breast cancer and convalescence from surgery was a physical impairment that substantially limited one or more of her major

life activities; there was established a record of such impairment; and/or Plaintiff was regarded by Defendant as having such impairment.

23. Plaintiff is an individual who, with or without reasonable accommodation, could perform the essential functions of her job as bakery manager.

24. Title I of the ADA, 42 U.S.C. § 12112, provides that "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to … terms, conditions, and privileges of employment."

25. By Defendant refusing to properly and reasonably accommodate Plaintiff's written and oral request for accommodation, and by Defendant forcing Plaintiff to accept a demotion to a lower-paying job and giving up her authority in her job, Defendant denied and excluded Plaintiff from the benefits of her employment, including treating her differently than others who do not have a disability and harming her in her employment.

26. Defendant conducted itself with malice or with reckless indifference to Plaintiff's federally protected rights.

27. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered and continues to suffer lost wages, benefits, and loss of employment opportunities. In addition, Defendant's conduct has caused and continues to cause Plaintiff to suffer substantial

damages for pecuniary losses, mental, emotional and physical pain and anguish, loss of enjoyment of life, and other nonpecuniary losses.

PLAINTIFF REQUESTS relief from this court against Defendant as follows:

a. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter;

b. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter;

c. an award to Plaintiff of attorney fees, costs of litigation, and interest;

d. an order of this court granting Plaintiff further relief that it deems just and equitable.

## Count II- ADA- Retaliation

28. Plaintiff incorporates by reference paragraphs 1 through 27 as though fully stated herein.

29. To the extent the adverse employment actions identified in the allegations above were motivated by Plaintiff's complaints of discrimination, Defendant has engaged in unlawful employment discrimination in violation of the ADA.

30. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has

suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

PLAINTIFF REQUESTS relief from this court against Defendant as follows:

a. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter;

b. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter;

c. an award to Plaintiff of attorney fees, costs of litigation, and interest;

d. an order of this court granting Plaintiff further relief that it deems just and equitable.

 

Respectfully submitted,

Law Offices Jeffrey S. Burg, Esq.
/s/ Jeffrey S. Burg

_____

Jeffrey S. Burg
Attorney for Plaintiff
Dated: July 6, 2021

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ELLEN YANICK,
    Plaintiff.

                                                  Case No.:

v.                                               Honorable
                                                United States District Judge

THE KROGER COMPANY OF MICHIGAN,
a domestic profit corporation,

    Defendant.
_____

LAW OFFICES JEFFREY S. BURG, ESQ.
Jeffrey S. Burg (P38381)
Attorney for Plaintiff
16291 W. 14 Mile Road, Ste. 24
Beverly Hills, MI   48025
(248) 227-5027
jburg@comcast.net

## JURY DEMAND

    Plaintiff demands a trial by jury where appropriate.

                                          Respectfully submitted,
                                          Law Offices Jeffrey S. Burg, Esq.

                                          /s/ Jeffrey S. Burg
                                          _____
                                          Jeffrey S. Burg
Dated: July 6, 2021                     Attorney for Plaintiff